UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:12-cr-00367-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JONATHAN WILLIAM GRAHAM, | |
| Defendant. | |

AIKEN, Judge:

In 2014, defendant pled guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, I determined that defendant's prior convictions rendered him a career offender under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(1). Ultimately, I imposed a sentence of 140 months' imprisonment. Defendant now moves to vacate and correct his sentence under 28 U.S.C. § 2255.

Defendant argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior burglary convictions no longer support the ACCA sentencing enhancement. The government opposes the motion and maintains that defendant's convictions remain viable, predicate offenses under the ACCA.

Under *Johnson*, defendant's burglary convictions no longer qualify as predicate offenses under the residual clause of the ACCA. *Id.; see also Welch v. United States*, 135 S. Ct. 1257, 1268

1 - OPINION AND ORDER

(2016) (holding that *Johnson* applies retroactively on collateral review). Further, as explained in *United States v. Mayer*, No. 6:05-cr-60072-AA (D. Or. Feb. 15, 2016), first- and second-degree burglary in Oregon are not predicate ACCA offenses under either the categorical or the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014); *see also United States v. Almanza-Arenas v. Lynch*, 809 F.3d 515 (9th Cir. 2015) (en banc). Accordingly, defendant's burglary convictions do not qualify as predicate offenses for purposes of the ACCA, defendant does not have three prior qualifying convictions, and he is not subject to the ACCA sentencing enhancement.

Accordingly, defendant's Motion Under § 2255 (doc. 48) is GRANTED. Defendant's previous sentence of 140 months is VACATED, and the court will schedule a resentencing hearing. Defendant argues that he has served more time in custody than he would have served with a guideline sentence absent the career offender enhancement, and that he should be released pending resentencing. However, defendant's calculations do not include specific offense characteristics included in the PSR that would increase his presumed base offense level. Therefore, defendant will remain in custody.

IT IS SO ORDERED.

DATED this 14 day of June, 2016.

Ann Aiken
United States District Judge